Jack L. Price v. Commissioner.
Price v. Commissioner
Docket No. 366-63.
United States Tax Court
T.C. Memo 1964-199; 1964 Tax Ct. Memo LEXIS 138; 23 T.C.M. (CCH) 1206; T.C.M. (RIA) 64199; July 21, 1964
*138 Emil Sebetic, 233 Broadway, New York, N. Y., for the petitioner. Joseph M. Touhill, for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax of petitioner for the year 1959 in the amount of $4,400.48. The sole question for decision is whether the respondent erred in disallowing as a business expense deduction part of the amount of $13,443.56 claimed by petitioner in his 1959 return for traveling, entertainment and other business expenses. An issue relating to the disallowance of a part of a deduction claimed by petitioner for contributions has been conceded by him. Findings of Fact Some of the facts have been stipulated, and, as stipulated, are incorporated herein by reference. Petitioner is single and resides at 412 East 44th Street, New York, New York. His income tax return for the year 1959 was filed with the district director of internal revenue for the Manhattan district of New York. It showed a tax withheld of $4,995.37, tax liability of $2,886.59, and a refund due of $2,108.78. Petitioner kept his books and records and filed his Federal income tax return on the cash basis. Petitioner is and *139 has been since mid-1958 a salesman and account executive of television advertising for the Metropolitan Broadcasting Corporation, a division of Metromedia, Inc., which owns and operates television station WNEW-TV serving the Greater New York area. Under the terms of his employment, he sold broadcasting time at WNEW by "contacting" various buyers of such time, principally employees of advertising agencies and other companies with offices located in New York City, in competition with other television stations in New York, as well as radio stations, newspapers and other media, serving that area. During 1959, the principal accounts assigned to him were a group of major advertising companies. Under the terms of his employment, petitioner was specifically required to pay his expenses. Under the competitive conditions of the advertising industry in New York City, it was and still is customary for salesmen like petitioner to entertain buyers frequently at lunch, cocktails, etc. During the year 1959 petitioner made expenditures for such entertainment and other business purposes. The amounts claimed by him as deductions in his return for that year for such expenditures and the amounts disallowed *140 by respondent were as follows: Deduction
Claimed
Disallowed
Cab fares
$ 1,228.00
$ 600.00
Telephone
556.00
400.00
Theatre Tickets
2,344.07
1,836.44
Restaurants and Night
Clubs
6,315.49
3,062.97
Gifts and Remembrances
3,000.00
3,000.00
$13,443.56
$8,899.41
Petitioner has always been the number one or two ranking salesman on the WNEW staff. During the year 1959 his gross commissions amounted to $28,528.71. In 1959 petitioner kept a daily diary and during the first three months of that year made some entries therein of amounts paid for lunches, theatre tickets, taxi and telephone charges, etc. On approximately 35 days during that period the only expenditure recorded was for taxi fares. During the year 1959 the business expenses of petitioner amounted to $6,000. Opinion RAUM, Judge: Petitioner in his 1959 return claimed a deduction of $13,443.56 for travel, entertainment, and other business expenses listed in our findings. The respondent allowed the deduction of $4,554.15 of the amount claimed and disallowed the remaining $8,889.41 for lack of substantiation. Petitioner contends that his expenditures amounted to at least $13,443.56 and *141 that respondent erred in disallowing the deduction of any portion of that amount. He had the burden of proving error in respondent's determination. Petitioner did not keep accurate records of his business expenditures during the year 1959. In the absence of which records he has attempted by other evidence to establish that he is entitled to the deduction claimed in his return for that year for such expenses. This evidence includes a list of about 51 advertising time buyers claimed to have been entertained by him in 1959 and his estimate of the number of times he entertained each of them at lunch, cocktails, and/or dinner; testimony of seven of the persons on the list as to type and frequency of their entertainment by petitioner at his expense; cancelled checks payable to cash some of which could be identified as having been cashed at restaurants and other places where he entertained customers and some of which were endorsed by persons he could not identify; his estimate of the portion of the proceeds of such checks used for business expenses; testimony that he borrowed money in 1959 and used it for business purposes; and estimates by him of the average amounts he expended weekly *142 in 1959 for taxicab fares, telephone calls, lunches, cocktails, dinners, theater tickets, and other business purposes. This evidence obviously was not a good substitute for adequate records, and we were satisfied that a considerable portion of the expenses was in fact personal rather than business in nature. It does convince us, however, that petitioner's business expenses during 1959 exceeded to some extent the amount allowed by the respondent. In view of the evidence before us it is not possible to make any accurate determination as to the precise amount of his business expenses. Doing the best we can with the materials at hand, and bearing heavily against the petitioner, whose failure to keep satisfactory records requires us to resort to an estimate, our best judgment is, and we have found as a fact, that his business expenses during the year 1959 amounted to $6,000. He is entitled to a deduction of that amount in computing his taxable income. Cf. (C.A. 2). Decision will be entered under Rule 50.